PETITION 3?0R A REHEARING, BT
G. M. BIBB, Esq,.
In this case, the creditor Ward, who was also trustee, did accept the deed of trust — yet his debt and lien is by the decree disregarded.
The specified creditors provided for in the deed of trust are not made parties, their debts are not controverted in the billj yet their lien is by the decree disregarded.
A deed which is made to one creditor, whose debt, is admitted by the bill to be just, and by him accepted in trust to secure his debt and other specified Iona fide debts, and afterwards for payment of all the debts, has been declared void, upon the ground that it was calculated to delay creditors.
The statute of Kentucky, like the statute of England, uses the words “contrived of malice, fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors.’5
The delay of creditors is not enough to avoid the deed — it must have been had or made ar contrived of fraud, malice, covin or collusion. So are all the decisions in England, on that statute — so are the decisions which have been upon the statutes copied from the English statute.
The authorities cited in the brief fully supported that position.
The record contains not a deposition nor proof of fraud, covin, guile, or bollusion — it gives preference to certain creditors, but provides for all. It is respectfully suggested that such a deed cannot upon its face be fraudulent, and that the authorities cited in the brief prove incontestibly that it is no objection to a deed of trust that it gives preference ta one or more creditors over others — that fraud, collision, covin and guile are essential ingredients to. vacate the deed. In this case, honest, bona fide credifors, whose debts are not impeached, who advanced their money upon an agreement for a lien on the property, are deprived of that lien without being made parties,
J3uIhorilies died in the brief. — Stephens vs. Bell, 6 Mas?. T. R. 339- 13 Viner 522. Murray vs. Biggs 15. John. 571. Roberts on Fraud Ch 4 !>2 436-7. Chancellor of Oxford's case 10. Co. 56-7. I Binney 502. Wilks vs. Fanis. 5 John. 335. 3 Cranch 89 &c. 3 John. Ch.Ca. 450.
Bibb for plaintiff; Triplett and Monroe for defendants.
'It is respectfully suggested to the court that tire opinion rendered in this case has departed from the well settled constructions of the statute of frauds.
A re-hearing is solicited.
BIBB.
On this petition the decision of the court was suspended until the present term, when the motion for a rehearing was overruled, and the opinion and decree of affirmance stand unaltered.
*7 CASEB, SETERMINEJ3 AT THE FALL TERM X82S*